

ENTERED
01/06/2014

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| MANZOOR MEMON, | ) CASE NO. 13-32851-H3-7 |
| Debtor, | ) |
| HAROON SHAIKH, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 13-3150 |
| MANZOOR MEMON, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

The court has considered the "Plaintiff's First Amended Motion for Summary Judgment" (Docket No. 11), and the "Defendant's Response in Opposition to Haroon Shaikh's Motion for Summary Judgment" (Docket No. 12). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Manzoor Memon ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 7, 2013.

Prior to the filing of the petition in the instant case, Haroon Shaikh ("Plaintiff") filed suit against Debtor, in the 55th Judicial District Court of Harris County, Texas. (Plaintiff's Exhibit A-1).

The state court suit was tried to a jury on September 13, 2011. The jury returned a verdict finding that Debtor made nine defamatory false statements in writing regarding Plaintiff. The jury made findings as to actual damages sustained by Plaintiff as a result of Debtor's defamatory false statements, for past and future mental anguish, and for past and future damage to Plaintiff's reputation. The jury also made a finding as to exemplary damages. (Plaintiff's Exhibit A-2).

Question 5 of the jury charge asked the jury: "Do you find by clear and convincing evidence that the harm to Haroon Shaikh resulted from malice?" The jury answered "Yes." (Plaintiff's Exhibit A-2).[1]

Question 6 of the jury charge asked the jury: "Do you find by clear and convincing evidence that the harm to Haroon Shaikh resulted from gross negligence?" The jury answered "Yes."

---

[1] The state court jury charge defined malice as "a specific intent by Manzoor Memon to cause substantial injury or harm to Haroon Shaikh."

2

(Plaintiff's Exhibit A-2).

On October 3, 2011, the state court entered judgment in favor of Plaintiff. The court, <u>inter alia</u>, awarded Plaintiff $350,002.00 in actual damages, $15,917.90 in prejudgment interest, and $350,000 in punitive damages against Debtor. (Plaintiff's Exhibit A-3).

In the instant adversary proceeding, Plaintiff seeks a determination that Debtor's debt to Plaintiff is excepted from discharge under Section 523(a)(6) of the Bankruptcy Code.

In the instant motion, Plaintiff seeks summary judgment determining that the state court judgment collaterally estops Debtor from denying that the debt which is the subject of the state court judgment resulted from a willful and malicious injury by Debtor to Plaintiff.

Debtor contends that the findings of the jury cannot support the application of collateral estoppel because the jury found both a malicious act and gross negligence and then issued a damage finding on a single question asking for the total for each element of damages caused conjunctively by both.

## Conclusions of Law

Section 523(a)(6) of the Bankruptcy Code excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

Section 523(a)(6) applies to acts done with the actual intent to cause injury, but excludes intentional acts that cause injury. In re Williams, 337 F.3d 504 (5th Cir. 2003), citing Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

Applying the Supreme Court's pronouncement that Section 523(a)(6) requires actual intent to cause injury, the Fifth Circuit has held that for a debt to be nondischargeable, a debtor must have acted with "objective substantial certainty or subjective motive" to inflict injury. Williams, 337 F.3d, at 508-509, citing Miller v. J.D. Abrams, Inc. (In re Miller), 156 F.3d 598 (5th Cir. 1998).

Under Texas law, collateral estoppel bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action. Miller, 156 F.3d, at 601.

Debtor cites Matter of Schwager, 121 F.3d 177 (5th Cir. 1997) for the proposition that "Judgment of a court of first instance based on determinations of two issues, either of which standing independently would be sufficient to support the result is not conclusive with respect to either issue standing alone." The Fifth Circuit's opinion in Schwager stands for the proposition cited, but also stands for the exception to the

4

general rule cited by Debtor: "If the judgment of the court of first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and the appellate court upholds both of these determinations as sufficient and accordingly affirms the judgment, the judgment is conclusive as to both determinations." Schwager, 121 F.3d, at 183.

A state court finding of gross negligence is not sufficient to determine a willful and malicious injury under Section 523(a)(6) of the Bankruptcy Code. See Zygulski v. Daugherty, 236 B.R. 646 (N.D. Ind. 1999); In re Scarlata, 127 B.R. 1004 (N.D. Ill. 1991); Cassidy v. Minihan, 52 B.R. 947 (D. Mo. 1985); In re Durnal-Farhat, 2013 WL 1195278 (Bankr. W.D. Tex. 2013).

In the instant case, the jury found, and the state court awarded judgment based on, nine defamatory false statements made by Debtor with malice. This finding by the state court jury is sufficient for a determination that the damages attributable to the debtor's malicious defamatory false statements are excepted from discharge under Section 523(a)(6). However, what is not determined by the state court judgment and findings is the extent to which the award of damages is attributable solely to Debtor's gross negligence, as opposed to Debtor's malice. The court concludes that the only issue remaining for trial is the

amount of the damages awarded by the state court, which is attributable to Debtor's malice.

Based on the foregoing, a separate Judgment will be entered granting in part the "Plaintiff's First Amended Motion for Summary Judgment" (Docket No. 11).

Signed at Houston, Texas on this 6th day of January, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE